UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. DRAUCKER,<br>Plaintiff | ) ) ) | CIVIL ACTION NO. 4:23-CV-0448 |
| v. | ) ) ) | (ARBUCKLE, M.J.) |
| DISTRICT ATTORNEY'S OFFICE,<br>*JEFFERSON COUNTY PA et al*.,<br>Defendants | ) ) ) | |

## **MEMORANDUM OPINION**

On March 14, 2023, James M. Draucker ("Plaintiff") lodged a complaint here in the Middle District of Pennsylvania. (Doc. 1). The complaint arrived by mail. The complaint was accompanied by an application for leave to proceed in forma pauperis and a prisoner trust fund account statement. (Docs. 2, 3). This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants seeking leave to proceed *in forma pauperis*. *E.g.,* 28 U.S.C. § 1915(e)(2).

After careful review of the complaint against the Jefferson County, PA District Attorney's Office, the Jefferson County, PA Public Defenders Office, and the Pennsylvania State Police Department I find no connection to the Middle District of Pennsylvania. Accordingly, this case will be transferred to the Western District of Pennsylvania, a court with at least plausible venue for further proceedings. I have not ruled on the IFP request or conducted a full screening on the merits. Those tasks should be done in the proper venue.

In his complaint, Plaintiff alleges numerous civil rights violations under the United States Constitution, the Pennsylvania Constitution, and the Texas Constitution. Plaintiff alleges each state has broken laws causing his civil rights to be violated and that there are issues with a November 2021 Pennsylvania State Police report. (Doc. 1, p. 4). No further information about the contents of that report are provided other than the charges against him do not align with it. *Id*. at p. 4. Plaintiff does not allege any specific facts about any incident taking place within the Middle District of Pennsylvania. Plaintiff only alleges generally that the District Attorney and Public Defenders Offices of Jefferson County, Pennsylvania have caused and contributed to his illegal confinement in Texas. *Id*. at p. 2. Jefferson County, Pennsylvania is located in the Western District of Pennsylvania.

In this case, venue over this matter appears to lie in the United States District Court for the Western District of Pennsylvania and not in the Middle District of Pennsylvania. To protect Plaintiff's rights as a *pro se* litigant, I will order this complaint transferred to the United States District Court for the Western District of Pennsylvania for further proceedings. Such a transfer order avoids any prejudice to Plaintiff which might flow from a dismissal of these actions on venue grounds. *See Burnett v. New York Cent. R. Co*., 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of Plaintiff's claims, thus assuring that he can have this case heard on its merits in the

proper forum. *See*, 18 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, §4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

The decision to transfer a case is within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. *See Franklin v. GMAC*, No. 13–0046, 2013 WL 140042, at *1 n.1 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive . . . A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A)"). *See, e.g., Silong v. United States*, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); *Berg v. Aetna Freight Lines*, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

**CONCLUSION**

For these reasons, this case will be transferred to the United States District Court for the Western District of Pennsylvania for all further proceedings. An appropriate order follows.

Date: March 16, 2023                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge